# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re: : Chapter 11
: 
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[1] : Case No. 18-12491 (CSS)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x
: 
PROMISE HEALTHCARE, INC., BOSSIER :
LAND ACQUISITION CORP., PROMISE :
HEALTHCARE OF LOUISIANA, INC., AND :
PROMISE PROPERTIES OF SHREVEPORT, :
LLC, : ADV. NO. 19-50776 (CSS)
: 
Plaintiffs/Counter-Defendants :
: 
v. :
: 
KPC PROMISE HEALTHCARE, LLC and :
STRATEGIC GLOBAL MANAGEMENT, INC. :
: 
Defendants/Counter-Claimants :
: Related Docket No.: D.I. 29
---------------------------------------------------------------x

## PLAINTIFFS' LIMITED OBJECTION TO DEFENDANTS' MOTION FOR (A) ENTRY OF PRE-TRIAL SCHEDULING ORDER AND (B) EXTENSION OF TIME TO RESPOND TO DEBTORS' MOTION FOR SUMMARY JUDGMENT

---

[1] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL 33431.

Plaintiffs Promise Healthcare, Inc., Bossier Land Acquisition Corp., Promise Healthcare of Louisiana, Inc., and Promise Properties of Shreveport, LLC (collectively, the "Plaintiffs" and together with their affiliated debtors in the above-captioned cases, the "Debtors"), by and through their undersigned counsel, file this Limited Objection to Defendants KPC Promise Healthcare, LLC ("KPC") and Strategic Global Management, Inc. (collectively, "KPC" or "Defendants") *Motion for (a) Entry of Pre-Trial Scheduling Order and (b) Extension of Time to Respond to Debtors' Motion for Summary Judgment* [AP Dkt. No. 29][2] (the "Motion").

1. Defendants' Motion seeks entry of a scheduling order and a stay of Defendants' deadline to respond to Plaintiffs' *Motion for Summary Judgment* [AP Dkt. No. 27]. Contrary to Defendants assertions, Plaintiffs' Motion for Summary Judgment comes after the Parties have already conducted discovery and hearings on the record regarding the claims at issue. Defendants' Motion seeks unnecessarily to delay these proceedings. Nevertheless, Plaintiffs do not oppose a brief extension of time to respond to the *Motion for Summary Judgment.*

2. Defendants allege that Plaintiffs' *Motion for Summary Judgment* is premature because it was filed "before a case schedule was entered and before the parties have conducted discovery." (AP Dkt. No. 29, at ¶ 16). However, Federal Rule of Civil Procedure 56(b), made applicable to these proceedings through Federal Rule of Bankruptcy Procedure 7056, makes clear that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Moreover, Defendants' Motion ignores the fact that the Parties had already conducted discovery and presented testimony under oath before this Court on all of the relevant witnesses needed to resolve this matter and the fact that this Adversary Proceeding was filed seven

---

[2] Hereinafter, references to pleadings filed in this adversary proceeding will be in the form of "AP Dkt. __", and references to pleadings filed in the Debtors' Chapter 11 Proceeding will be in the form of "Case Dkt. __".

2

months ago with no effort by Defendants to discuss scheduling; the first such meet and confer occurring only after the *Motion for Summary Judgment* was filed.

3. Prior to the initiation of this Adversary Proceeding, the Plaintiffs and Defendants engaged in discovery in conjunction with the *Motion of the Debtors for Entry of an Order (I) Authorizing the Sale of Certain Louisiana Facilities and Related Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Sellers to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (III) Granting Other Related Relief* [Case Dkt. No. 1323] and *Lexmark Holdings, LLCs Objection to Debtors Motion for Entry of an Order (I) Authorizing the Sale of Certain Louisiana Facilities and Related Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Authorizing the Sellers to Assume and Assign Certain Executory Contracts and Unexpired Leases, (III) Granting Liens, and (IV) Granting Other Related Relief* [Case Dkt. No. 1361].

4. During discovery, the Parties took the depositions of Peter Baronoff (KPC CEO), Mark Tress (Lexmark Managing Member), and Bernath Weiser. Defendants appeared at and actively participated in all three depositions. In addition, all Parties received a production of e-mail and text messages between Mr. Baronoff and Mr. Tress detailing KPC's tortious interference. Finally, both Mr. Tress and Mr. Baronoff testified before this Court regarding the matters subject to Plaintiffs' *Motion for Summary Judgment*. [Case Dkt. Nos. 1388, 1398].

5. Defendants claim that all of the matters addressed in Plaintiffs' *Motion for Summary Judgment* are allegedly "premised on disputed material facts and credibility determinations that cannot be resolved at this juncture in the absence of relevant discovery." [AP Dkt. No. 29, at ¶ 2]. Both contentions are incorrect.

6. First, as a matter of law, a material fact is not disputed merely because a party claims that it is in dispute. *See In re Ikon Office Solutions, Inc.*, 277 F.3d 658, 666 (3d Cir. 2002)

(a party "will not be able to withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleading and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial."); *Matushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the non-moving party must present "sufficient evidence (not mere allegations) upon which a reasonable trier of fact could return a verdict in favor of a nonmoving party."). Apart from Defendants' own conjecture, Defendants' Motion fails to identify any evidence, let alone sufficient evidence, to support its claim that any of the material facts are in dispute.

7. Moreover, Defendants claim that the evidence cited within Plaintiffs' *Motion for Summary Judgment* require credibility determinations. [AP Dkt. No. 29, at ¶ 2]. Defendants' Motion, however, ignores the fact that this Court has already heard the live testimony of Mr. Baronoff and Mr. Tress under oath. This Court, therefore, likely has determined the credibility of the witnesses and their testimony. [Case Dkt. Nos. 1388, 1398].

8. In addition to the prior credibility determinations made during the August hearings, this Court may further rely on the findings made during that hearing. After hearing the testimony of Mr. Turnbull, Mr. Hinkelman, Mr. Tress, and Mr. Baronoff, this Court: (a) approved the sale of the Louisiana Facilities to Lexmark, (b) did not approve the KPC APA, (c) did not designate Defendants as a backup bidder, and (d) did not award the Defendants' request for a breakup fee and expense reimbursement. [Case Dkt. No. 1404].

9. Rather than respond to the overwhelming evidence against them, Defendants seek this Court's assistance in needlessly delaying this case. As detailed in Plaintiffs' *Brief in Support of Motion for Summary Judgment* [AP Dkt. No. 26], the undisputed record evidence supports a finding in favor of Plaintiffs on all claims, including multiple elements that the Defendants either

4

conceded or, with regard to Defendants' Contract and Unjust Enrichment claims, are barred as a matter of law regardless of any additional evidence Defendants may believe exists.

10.     Regarding Defendants' request for further discovery, Defendants' Motion seeks to circumvent the clear guidelines of Federal Rule of Civil Procedure 56.  Specifically, Rule 56(d) provides that if a nonmovant believes that there are facts unavailable, the nonmovant must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to the *Motion for Summary Judgment*.  It is only after the nonmovants demonstrate why the discovery is necessary and required that the court may defer considering the pending motion for summary judgment or allow for further discovery on those specific issues. FED. R. CIV. P. 56(d).

11.     Defendants' Motion falls short of Rule 56(d)'s procedural guidelines.  Aside from failing to submit any declaration or affidavit supporting their supposed need for additional discovery, Defendants' Motion is replete of any reasoning or justification for why they believe the requested discovery is necessary to oppose Plaintiffs' *Motion for Summary Judgment.*

12.     Moreover, two of the three witnesses that Defendants claim further discovery is necessary have already submitted either declarations and/or testified before this Court on the subject matter in question. [*See e.g.* Case Dkt. No. 1173-2, 1323-2, 1369-1, 1388].  Once again, Defendants have provided no reason for why additional discovery of these witnesses is necessary.

13.     Finally, with regard to Defendants' claims that the Debtors' did not initially oppose a breakup fee, that argument has no relevance to whether Defendants are entitled to additional discovery and a delay of their deadline to respond to Plaintiffs' *Motion for Summary Judgment*.  Regardless, the record cited in Defendants' Motion clearly shows that the Debtors disagreed with the amount of breakup fees and expenses alleged.  Even if the Debtors' had supported KPC's claim for a breakup fee initially, where, as here, new information is discovered demonstrating that the

breakup fee is inappropriate, the Debtors are entitled to oppose an award of a breakup fee. *See In re Reliant Energy Channelview LP*, 594 F.3d 200, 209-10 (3d Cir. 2010) (where the court found that the debtors' opposition to breakup fees was proper, where had the Debtors "adhered to their earlier position in the face of the changed circumstances they would harm the estate and violate their fiduciary duty.").

14. Defendants' Motion seeks only to stall these proceedings and avoid responding to the merits of Plaintiffs' *Motion for Summary Judgment*. Defendants' have provided no reasons why the discovery they demand is necessary for their response to Plaintiffs' *Motion for Summary Judgment* especially in light of the significant discovery completed and hearing testimony to date. Nor have Defendants followed the proper procedures detailed in Federal Rule of Civil Procedure 56(d) to request such discovery.

15. Even if Defendants were correct that further discovery is necessary to resolve some of the matters identified in Plaintiffs' *Motion for Summary Judgment* – which they are not – Defendants' requested discovery would not prevent this Court from resolving those matters that Defendants' discovery does not cover, thereby streamlining the issues remaining for discovery, mediation, and trial.

## Conclusion

The Debtors respectfully request that this Court deny Defendants' Motion in part, grant it in part by extending Defendants' response deadline to not more than thirty days following the disposition of the Motion and grant such other and further relief as is just and proper under the circumstances.

Dated: June 24, 2020          DLA PIPER LLP (US)
Wilmington, Delaware

   /s/ *Stuart M. Brown*
Stuart M. Brown (#4050)
Matthew S. Sarna (#6578)

1201 N. Market Street, Suite 2100
Wilmington, DE 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: Stuart.Brown@dlapiper.com
       Matthew.Sarna@dlapipeer.com

Adam J. Pié (admitted *pro hac vice*)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
Telephone: (410) 580-4791  *telephone*
Facsimile: (410) 580-5406  *facsimile*
Email: adam.pie@dlapiper.com


-and-


WALLER LANSDEN DORTCH & DAVIS, LLP
John Tishler (admitted *pro hac vice*)
Katie G. Stenberg (admitted *pro hac vice*)
Blake D. Roth (admitted *pro hac vice*)
Tyler N. Layne (admitted *pro hac vice*)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: John.Tishler@wallerlaw.com
       Katie.Stenberg@wallerlaw.com
       Blake.Roth@wallerlaw.com
       Tyler.Layne@wallerlaw.com

*Attorneys for the Debtors and
Debtors in Possession*