## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re: : Chapter 11
:
PROMISE HEALTHCARE GROUP, LLC, *et al.*,[2] : Case No. 18-12491 (CSS)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------x
:
PROMISE HEALTHCARE, INC., BOSSIER :
LAND ACQUISITION CORP., PROMISE :
HEALTHCARE OF LOUISIANA, INC., AND :
PROMISE PROPERTIES OF SHREVEPORT, :
LLC, : ADV. NO. 19-50776 (CSS)
:
Plaintiffs/Counter-Defendants :
:
v. :
:
KPC PROMISE HEALTHCARE, LLC and : **Re DI No. 64**
STRATEGIC GLOBAL MANAGEMENT, INC. :
:
Defendants/Counter-Claimants :
:
------------------------------------------------------------x

### PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIALS

---

[2] The Debtors in these Chapter 11 Cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), Success Healthcare 1, LLC (6535), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

Pursuant to this Court's authority under Federal Rule of Civil Procedure 26(c), made applicable in bankruptcy cases by Rule 7026 of the Federal Rules of Bankruptcy Procedure, and with the consent of the parties in this adversary proceeding, the Court enters this Protective Order to promote the efficient and expeditious disposition of adversary proceedings and to expedite the flow of information, testimony, and/or respective records and other documents and things (whether in tangible or electronic form) (collectively, "material"), facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled.

**IT IS HEREBY ORDERED** that:

1. Any party hereto may designate as "Confidential" any information that a party reasonably believes in good faith contains non-public, confidential, proprietary, personal, business, strategic, or commercially sensitive information that requires the protections provided in this Order and subject to protection under Rule 26 or other applicable laws ("Confidential Information").

2. Material produced containing Confidential Information shall be designated "Confidential" by marking such material as "Confidential" or by producing electronically stored information in a production file entitled "Confidential Production."

3. Confidential Information received pursuant hereto may be used **only in connection with these jointly administered actions (i.e., Chapter 11 Case No. 18-12491 (CSS) and Adversary Proceeding No. 19-50776 (CSS)) and for no other purpose**.

4. All parties who have received Confidential Information pursuant hereto shall safeguard such information so as to avoid its disclosure to persons other than those individuals whose review of the Confidential Information is necessary in connection to this action.

5.    Deposition testimony may be designated as Confidential Information. Within thirty (30) calendar days after the conclusion of the deposition, a party may designate a portion of the deposition as "Confidential" by informing all counsel in writing of such designation and identifying to the best of counsel's ability, the subject matter of the deposition, *provided* that the designating counsel shall promptly, but not more than thirty (30) calendar days from receipt of the transcript identify by page and line number where the Confidential Information begins and ends. Until the expiration of such thirty (30) day period following a deposition, all deposition testimony and transcripts and any information contained therein or exhibits thereto, shall be deemed "Confidential" and treated as if so designated.

6.    Any party to this action to whom Confidential Information is produced or disclosed may, after any such production or disclosure, object to the designation of information as "Confidential." The objection shall be made in writing to counsel for the designating party. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) business days of the date of service of the objection, the objecting party shall promptly move the Court to resolve the objection in accordance with the Court's orders and procedures. All materials whose designation is so objected to shall continue to be treated as Confidential Information unless and until the Court rules to the contrary.

7.    Any party may rely on and cite to Confidential Information in any submission to the Court, *provided* that when filing a submission containing Confidential Information with the Court, the publicly filed submission redacts the Confidential Information and files any exhibits containing Confidential Information under seal. The party will further provide the Court and all parties with an unredacted copy of the submission and its corresponding exhibits.

8.  The inadvertent production of any materials without a designation of "Confidential" will not be deemed to waive a later claim as to its confidential nature or preclude the party claiming confidentiality from designating said material as "Confidential" at a later date.

9.  Nothing contained in this Order shall preclude any party from using its own Confidential Information in any manner it sees fit, without prior consent of any party or the Court.

10. Any third-party producing documents or whose deposition is required in this proceeding is entitled to seek the protection afforded by this order by designating their materials or testimony as "Confidential."

11. Except as expressly set forth herein, nothing in this Order shall impair any party's right to challenge, by motion or otherwise, a producing party's assertion of a privilege with respect to any discovery material, nor shall anything in this Order limit the right of any party to petition the Court for an *in camera* review of the Confidential Information.  Further, nothing in this Order shall impair any party's right to seek any further Order of the Court under the Federal Rules of Civil Procedure.

12. The terms of this Order may be amended or modified only by written agreement of the parties, or upon motion and order of the Court. This Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this proceeding.

13. The Court shall retain jurisdiction to enforce the terms of this Order.

Dated: October 28th, 2020
Wilmington, Delaware

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**