# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PROMISE HEALTHCARE GROUP, LLC, *et al.*, | Case No. 18-12491 (CSS) |
| Debtors.[1] | (Jointly Administered) |
| ROBERT MICHAELSON OF ADVISORY TRUST GROUP, LLC, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 19-50776 (CSS) |
| | **Re: Adv. Docket No. 46 & 77** |
| KPC PROMISE HEALTHCARE, LLC and STRATEGIC GLOBAL MANAGEMENT, INC., | |
| Defendants. | |

## AMENDED SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding.

**IT IS HEREBY ORDERED** that:

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179), Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766). The mailing address for the Debtors, solely for purposes of notices and communications, is c/o FTI Consulting, Inc., 50 California Street, Suite 1900, San Francisco, CA 94111.

1. The discovery planning conference described in Fed.R.Civ.P. 26(f), made applicable by Fed.R.Bankr.P. 7026, took place on **August 4, 2020**.

2. The parties provided their initial disclosures under Fed.R.Civ.P. 26(a)(1) on **August 28, 2020**.

3. Plaintiffs responded to Defendants' discovery requests issued before the discovery planning conference on **September 4, 2020.**

4. Despite making reasonable efforts, the parties and third-parties have not been able to complete sufficient discovery tasks to meet the original discovery cut-off date. As such, that date shall be extended and all fact discovery shall be completed by **March 10, 2021**.

5. The parties shall provide expert reports for any issue on which they bear the burden of proof, not including any report by Plaintiff on insolvency of the Debtor, by **April 9, 2021**. If the Defendants intend to provide expert testimony regarding the insolvency of the Debtors, any such expert report must be provided by **April 9, 2021**. Any expert report by Plaintiff on the insolvency of the Debtors, as well as any Parties' expert report intended to rebut any other expert report, shall be provided by **May 10, 2021**.
Defendants shall provide any expert report intended to rebut any report on insolvency by Plaintiff by **June 1, 2021**. All expert discovery shall be completed, and discovery shall close, by **June 21, 2021**.

6. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than **January 8, 2020**, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or,

    (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions, including, but not limited to, any potential supplement to Plaintiff's *Motion for Summary Judgment* [D.I. 27], shall be filed and served by **July 23, 2021**, and shall be subject to Rule 7.1.2 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

9. The parties shall comply with the General Order Governing Pre-Trial Procedures in Adversary Proceedings Set for Trial Before Judge Christopher S. Sontchi. The parties shall file, no later than three (3) business days prior to the earlier of date set for (i) pretrial conference (if one is scheduled) or (ii) trial, their Joint Pre-Trial Memorandum approved by all counsel and shall contemporaneously deliver two (2) copies thereof to Judge Sontchi's chambers.

10. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial one hundred twenty (120) days after entry of the Order, or as soon thereafter as the Court's calendar permits. The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible. The Plaintiff shall file a status report forty-five (45) days after the date of the Original Scheduling Order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Amended Scheduling Order may be extended by joint stipulation by the parties. If the parties do not agree to a stipulation extending discovery, the Court may extend the Deadlines contained in this Scheduling Order upon a written motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

Dated: December 14th, 2020
Wilmington, Delaware

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**